IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT E. HARRIS JR                                              PLAINTIFF

  v.                          Civil No. 2:13-cv-02263

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robert E. Harris, Jr., brings this action pursuant to § 405(g) of Title II of the Social Security Act, seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act").  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 7).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.    Background:**

Plaintiff protectively filed an application for DIB on March 9, 2011 (Tr. 96, 221), alleging an onset date of January 1, 2010, due to "right ankle reconstruction, lumbar back pain, torn ligaments in left knee, and a heart attack." (Tr. 224).  For DIB purposes, Plaintiff maintained insured status through June 30, 2011.  (Tr. 62, 96, 98).  Plaintiff's claim was denied initially and on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

reconsideration. An administrative hearing was held on July 7, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 109-139). A Vocational Expert ("VE") was also present and testified. (Tr. 134).

The Administrative Law Judge ("ALJ") determined Plaintiff had the following severe impairments: hypertension, ankle and knee problems, and depression. (Tr. 98, Finding 3). After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing. (Tr. 98-99, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 100-102, Finding 5). The ALJ first evaluated Plaintiff's subjective complaints and found that they were not entirely credible. (Tr. 100). The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb, balance, stoop, kneel, crouch, and crawl; can perform work limited to simple, routine, and repetitive tasks involving only simple, work related decisions, with few, if any, workplaces changes, and no more than incidental contact with co-workers, supervisors, and the general public. (T. 100).

The ALJ found Plaintiff was forty-one years old on his alleged disability onset date. (Tr. 102, Finding 7). Such an individual is defined as a younger individual under 20 C.F.R. § 416.963(c). The ALJ also determined Plaintiff had a limited education and was able to communicate in English. (Tr. 102, Finding 8).

With the help of a VE, the ALJ evaluated Plaintiff's past relevant work ("PRW"). (Tr. 134-139). The ALJ determined Plaintiff could not perform any PRW. (Tr. 102, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 103, Finding 10). Based on the VE's testimony, the ALJ

determined Plaintiff retained the capacity to perform the requirements of representative occupations such as food prep worker/cooker helper and routing clerk/conveyor belt. (Tr. 103, 134). The ALJ concluded the Plaintiff was not under a disability. (Tr. 103, Finding 11).

Plaintiff then requested a review of the hearing decision by the Appeals Council on November 26, 2012 (Tr. 192), which denied that request on October 31, 2013. (Tr. 1-4). On December 30, 2013, Plaintiff filed the present appeal. (ECF No. 1). The Parties consented to the jurisdiction of this Court on November 5, 2013. (ECF No. 7). Both Parties have filed appeal briefs, and the case is ready for decision. ( ECF Nos. 10, 13).

**II.     Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the

ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether the adult claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f)*; Cox*, 160 F.3d at 1206. The fact finder only considers the plaintiff's age, education, and work experience in light of his RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### III.    Discussion:

Plaintiff raises the following arguments on appeal: the ALJ (1) failed to develop the record, (2) erred in determining Plaintiff's severe impairments, (3) erred in evaluating Plaintiff's credibility, and (4) erred in determining Plaintiff's RFC. (ECF No. 10 at 2).

#### A.    Duty to Fully Develop the Record

The ALJ has a duty to develop the record fairly and fully, independent of the claimant's burden to press his case, and must develop a reasonably complete record. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984). The regulations do not require the Secretary or the ALJ

to order a consultative evaluation of every alleged impairment, but an ALJ may do so if the existing medical sources do not contain sufficient evidence to make a determination. *Matthews v. Bowen*, 879 F.2d 423, 424 (8th Cir. 1989). A claimant must show the ALJ failed to fully and fairly develop the record, and that he was prejudiced by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have recontacted Dr. Michael Westbrook, a state examining physician, because Dr. Westbrook "left his answer to the limitations question blank" on his consultative examination report. (Tr. 341, ECF No. 10 at 7). The Court disagrees. The question asked for an affirmative response, and the absence of an answer indicated that Dr. Westbrook did not assess any limitations. This is especially clear since Dr. Westbrook assessed that Plaintiff was within normal limits in every diagnostic category. (Tr. 337-341).

Plaintiff also argues the ALJ should have obtained additional consultative examinations of Plaintiff's mental limitations and physical ability to sit, stand, and reach. (ECF No. 10 at 6). The ALJ, however, discussed evidence from the consultative exam by Dr. Westbrook, the impressions of several treating physicians in determining Plaintiff's RFC, and the opinions of the State's consulting, non-examining physicians (Tr. 100-101), which was sufficient evidence to determine Plaintiff's exertional RFC limitations. *See Strongson v. Barnhart*, 361 F.3d 1066 (8th Cir. 2004); *Masterson v. Barnhart,* 363 F.3d 731, 738 (8th Cir. 2004)**.** It was the Plaintiff's burden to prove his RFC at Step Four and the ALJ did not err by only ordering one consultative examination. *See Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003)**.**

As for the non-exertional limitations included in Plaintiff's RFC, the ALJ was not obligated to order a mental consultative exam because there was sufficient evidence to support a

determination, and there were no inconsistencies to resolve. *See* 20 C.F.R. §§ 416.912(e), 416.919a(b); *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).  Plaintiff did not allege any non-exertional limitations in his disability application, although he provided information about his anxiety/depression in his testimony and described his difficulty with instructions in his function reports. (Tr. 127, 246).  Plaintiff also never complained about a mental limitation to a treating physician until after his date last insured when he was prescribed citalopram. (Tr. 395).  The non-exertional limitations in the RFC were included because the ALJ gave Plaintiff "the benefit of the doubt." (Tr. 102).  Since Plaintiff has not demonstrated prejudice or injustice from the ALJ failing to order a mental consultative examination, there was no error. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993*)*; *see also Hall v. Astrue,* WL 2049454 (W.D. Ark. 2012) at *7.

### B.     Severe Impairments:

A claimant suffers from a severe impairment if the impairment is more than slight and if the impairment affects the claimant's ability to do his basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *Bowen v. Yuckert*, 482 U.S. 137, 155, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (O'Connor, S., Concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Plaintiff argues the ALJ erred by not finding additional severe impairments, and further, the ALJ did not consider limitations from these other conditions, in combination, with the severe impairments he found.  Plaintiff believes his back and right shoulder conditions should have led to additional limitations impacting his ability to reach, sit, and stand. (ECF No. 10 at 8-9).

In his Disability Report, Plaintiff listed lumbar back pain, but did not list any shoulder condition. (Tr. 224). Plaintiff's failure to allege an impairment is significant, even if the evidence of the impairment was later developed. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001). Plaintiff testified his right shoulder had a limited range of movement and affected his ability to reach, push, and pull. (Tr. 124). Plaintiff also testified his back pain affected his ability to sit for long-periods of time and that his back hurt all the time. (Tr. 123). The medical evidence, however, reflects Plaintiff did not complain about shoulder pain to any of his treating physicians. While Plaintiff was diagnosed with right shoulder pain at his consultative exam by Dr. Westbrook, he demonstrated normal range of motion in his shoulder. (Tr. 339-341). Dr. Westbrook also found Plaintiff's lumbar spine had a normal range of motion, that he did not need an assistive device to walk, and that he had a normal gait. (Tr. 339-340). The only other evidence in the record related to Plaintiff's back condition was a visit to the ER on August 25, 2010. He complained of back pain after flipping a lawn mower he was riding, and was diagnosed with lumbar strain and acute sciatica. (Tr. 364-365). Plaintiff did not complain of back pain again until August 2011, after the relevant time period, when he complained of back pain after rolling out of bed and hitting a table. (Tr. 385-389). A review of the record indicates that there was substantial evidence Plaintiff's back and shoulder conditions were not severe impairments.

Although the ALJ determined Plaintiff's shoulder and back conditions were not severe impairments, the ALJ still discussed Plaintiff's complaints of back and shoulder pain and alleged limitations in the written decision. (Tr. 100-101). Plaintiff argues the terse discussion indicates there was not a cautious review of his combined impairments, but when the record does not support a condition to be a severe impairment the ALJ's duty to discuss the condition is minimized. *See Salts*

*v. Sullivan*, 958 F.2d 840, 844 (8th Cir. 1992). The discussion of Plaintiff's non-severe impairments along with the ALJ's language indicating that he fully considered all impairments, including those that were not severe, showed the ALJ considered the combined effect of Plaintiff's impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

      **C.**    **Credibility Determination:**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *Polaski*, 739 F.2d at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *Id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints solely because the objective medical evidence does not fully support the subjective complaints. *Polaski*, 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ addressed the *Polaski* factors and identified inconsistencies between Plaintiff's testimony and the record. The ALJ found Plaintiff was not credible because he failed to seek treatment for his depression, did not follow medical advice to quit smoking, did not request pain medications from physicians, listed normal daily activities that were not consistent with disabling pain, and described daily activities on his function report were not consistent with his testimony. The ALJ also noted the medical evidence did not corroborate Plaintiff's complaints. (Tr. 101-102).

Plaintiff argues, his non-compliance was not willful, and that his failure to stop smoking was not causally linked to his impairments since his hypertension improved. (ECF No. 10 at 11). While non-compliance is excusable when it may be caused by a medically-determinable symptom of mental illness, there is no evidence that Plaintiff failed to seek treatment because of mental illness.[2] *Pate-Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009). The ALJ also appropriately identified that Plaintiff's smoking habit was part of a pattern showing that Plaintiff did not seek treatment and, when he did, he failed to follow a treatment plan. Finally, Plaintiff argues that his poor financial situation excuses his failure to seek treatment. While lack of treatment can be excused for financial

---

2

Plaintiff also testified that he distrusted doctors because of how he was raised and because his father died during an operation (129), which is not a recognized reason for failing to follow or find treatment. *See* SSR No. 82-59.

reasons in some circumstances, Plaintiff did not show he was denied treatment because of financial constraints or exhausted free or low-cost treatment. *See Murphy v. Sullivan*, 952 F.2d 383, 386-387 (1992).

Other facts in the record supported the ALJ's credibility determination. The record showed a pattern of avoiding medical treatment. Plaintiff testified, surgical screws inserted in his ankle became loose during the 1990s. Instead of seeking medical treatment, he took a "pocketknife and slit the skin a little bit to pull them the rest of the way out," without ever asking a doctor to remove the screws. (Tr. 119). Plaintiff also testified that he had been advised to see a regular physician, but had not done so. (123-124). Failure to seek treatment for an allegedly disabling impairment is inconsistent with a claim of disability. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Plaintiff instead treated his pain with a daily baby aspirin and ibuprofen, which does not indicate disabling pain. (Tr. 227, 239); *see Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). Plaintiff's description of his daily activities also indicated his pain was not as disabling as alleged. In his function report, Plaintiff noted he was capable of yard work over a 6-8 hour period, and did not need assistive devices to walk. (Tr. 241-247). He described a normal day for him as going outside, completing chores, helping make supper, making a campfire, having a beer, and then going to bed. (Tr. 241, 243, 245). Plaintiff shopped, drove himself, went outside most days, went fishing, and socialized 2-3 times a week. (Tr. 244-245). Plaintiff's activities, conservative pain management, failure to seek treatment, and the lack of objective medical evidence to support his complaints indicate that his pain was not disabling. *Gates v. Astrue*, 627 F.3d 1080, 1083 (8th Cir. 2010); *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007).

The ALJ considered the *Polaski* factors and identified valid reasons to discount Plaintiff's

subjective complaints. A review of the record also shows that there was substantial evidence supporting the ALJ's credibility determination. The ALJ was in the best position to gauge the credibility of testimony, and his findings on Plaintiff's subjective complaints are affirmed. *See Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).

    **D.**    **RFC Determination**:

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "all the evidence in the record in determining the RFC, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Id.* at 807. The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). This Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff argues the ALJ's RFC determination was "based solely upon either conjecture or the non-examining State Agency opinion as there literally was no other evidence in the record." (ECF No. 10 at 16). This argument mischaracterizes the written decision. The ALJ discussed giving

weight to the objective medical evidence, some weight to Plaintiff's subjective complaints and descriptions of daily activities, the consultative physical examination on June 23, 2011 by Dr. Westbrook, and the opinions of the non-examining, consultative state physicians. (Tr. 102). Any perceived lack of medical evidence is because Plaintiff failed to seek treatment. It is the Plaintiff's burden to offer evidence to make a valid decision about his case. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

Plaintiff's own testimony indicated Plaintiff was in pain, but did not show he was disabled. Plaintiff alleged disability, in part, based on pain from a 1988 ankle injury, but he was able to work after an operation and did not show that the pain or condition had become worse in the subsequent time period. (Tr. 119). Similarly, he alleged knee pain, but testified that he had still been able to work after knee surgery. (Tr. 122). When a claimant has worked with an impairment, the impairment cannot be considered disabling without a showing that there has been a significant deterioration in that impairment during the relevant period. *See Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990).

A review of the medical history in the record also indicates Plaintiff was not disabled. Prior to the relevant time period, Plaintiff underwent an x-ray of his right foot in November 2009. This x-ray indicated no acute injury. Further, an x-ray of his left knee in December 2009 indicated no acute bony injury or joint abnormality. (Tr. 311, 318). Notably, Plaintiff only had a few medical visits during the relevant time period between January 2010 to June 2011, and did not complain of ankle or knee pain during these visits. His diagnosis were gatsroesophageal reflux disease, hyperlipidemia controlled by Lipitor, lumbar strain and acute sciatica, chest pain, and coronary artery disease/hypertension. (Tr. 324, 327, 363, 328-330, 374). Dr. Westbrook's examination

indicated Plaintiff had normal range of motion, negative straight leg testing, normal gait, and Plaintiff was able to walk and stand without assistive devices. (Tr. 339-341). Finally, the State's non-examining, consultative physician Dr. Bill Payne opined Plaintiff had no limitations and that his physical impairments were non-severe, an opinion affirmed by Dr. Sharon Keith.[3]  (Tr. 345, 393).

Plaintiff has not met his burden in this case, and the ALJ's RFC determination is supported by substantial evidence, accordingly, the Court finds that the ALJ's RFC determination should be affirmed.

## IV.    Conclusion:

Based on the foregoing, I finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**Dated** this **18th day of December 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Plaintiff points out that Dr. Payne mis-stated the date last insured as March 31, 2011, but any mistake about the date was irrelevant since Dr. Payne reviewed all of Plaintiff's medical records, and the medical records submitted after Dr. Payne's assessment were reviewed by Dr. Sharon Keith. (ECF No. 10 at 16; Tr. 343-345, 390-393).